UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STACEY HARGER, | ) |
| | ) |
|     Plaintiff, | ) |
| v. | ) Case No. 4:24-cv-01302-SEP |
| | ) |
| FRANK BISIGNANO,[1] | ) |
| | ) |
|     Defendant. | ) |

**MEMORANDUM AND ORDER**

    This is an action under 42 U.S.C. § 405(g) for judicial review of the final decision of Defendant Frank Bisignano, the Commissioner of Social Security, denying the application of Plaintiff Stacey Harger for Supplemental Security Income (SSI) under Title XVI of the Social Security Act (Act), 42 U.S.C. §§ 1381, *et seq*. Because there is substantial evidence to support the decision, the Court will affirm the Commissioner's denial of Plaintiff's application.

**I.**    **BACKGROUND**

    On September 21, 2015, Plaintiff filed for SSI (Tr. 297-302), alleging that she had been unable to work due to disability since January 1, 2015. (Tr. 304). She alleged disability due to congestive heart failure, high blood pressure, diabetes type II, joint disease, cholesterol, Takahara's disease, and kidney disease. (Tr. 325). Her application was initially denied, and she requested review of that decision by an Administrative Law Judge (ALJ). (Tr. 131-40). On May 29, 2018, after a hearing at which Plaintiff was represented by counsel, ALJ Julian Cosentino issued a decision finding that Plaintiff had not been under a disability, as defined in the Act, since August 21, 2015, when she filed her application. (Tr. 105-22). Plaintiff requested review from the SSA Appeals Council, which vacated the ALJ's decision and remanded for the ALJ to give further consideration to treating source opinion and explain the weight given to such evidence, and to give further consideration to Plaintiff's maximum residual functional capacity during the entire period at issue, taking into consideration the treating source opinion. (Tr. 123-27).

---

[1] Frank Bisignano became Commissioner for the Social Security Administration in May 2025. Pursuant to Federal Rule of Civil Procedure 25(d), Bisignano is substituted as Defendant in this suit. *See* 42 U.S.C. § 405(g).

On December 1, 2022, after another hearing, ALJ Chandreka Allen issued a decision finding again that Plaintiff had not been under a disability, as defined in the Act, since she filed her application. (Tr. 6-20). Plaintiff requested review of the ALJ's decision, which the SSA Appeals Council denied on August 11, 2023. (Tr. 1-5, 295-96). The ALJ's decision of December 1, 2022, stands as the Commissioner's final decision.

## II.   STANDARD FOR DETERMINING DISABILITY UNDER THE ACT

To be eligible for benefits under the Act, a claimant must prove she is disabled. *Pearsall v. Massanari,* 274 F.3d 1211, 1217 (8th Cir. 2001); *Baker v. Sec'y of Health & Human Servs.*, 955 F.2d 552, 555 (8th Cir. 1992). The Act defines as disabled a person who is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A); *see also Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010). The impairment must be "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. § 1382c(a)(3)(B).

To determine whether a claimant is disabled, the Commissioner engages in a five-step evaluation process. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a);[2] *see also McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir. 2011) (discussing the five-step process). At Step One, the Commissioner determines whether the claimant is currently engaging in "substantial gainful activity"; if so, then she is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i); *McCoy*, 648 F.3d at 611. At Step Two, the Commissioner determines whether the claimant has a severe impairment, which is "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities"; if the claimant does not have a severe impairment, she is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c); *McCoy*, 648 F.3d at 611. At Step Three, the Commissioner evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. §§ 404.1520(a)(4)(iii); *McCoy*, 648 F.3d at 611. If the claimant has such an impairment, the

---

[2]  All references are to the version of the regulations in effect on the date of the ALJ's decision.

Commissioner will find the claimant disabled; if not, the Commissioner proceeds with the rest of the five-step process. 20 C.F.R. §§ 404.1520(d); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the Commissioner must assess the claimant's "residual functional capacity" (RFC), which is "the most a claimant can do despite [her] limitations." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir. 2009) (citing 20 C.F.R. § 404.1545(a)(1)); *see also* 20 C.F.R. §§ 404.1520(e). At Step Four, the Commissioner determines whether the claimant can return to her past relevant work by comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f); *McCoy*, 648 F.3d at 611. If the claimant can perform her past relevant work, she is not disabled; if the claimant cannot, the analysis proceeds to the next step. *Id.* At Step Five, the Commissioner considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if she cannot make such an adjustment, she will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *McCoy*, 648 F.3d at 611.

Through Step Four, the burden remains on the claimant to prove that she is disabled. *Moore*, 572 F.3d at 523. At Step Five, the burden shifts to the Commissioner to establish that, given the claimant's RFC, age, education, and work experience, there are a significant number of other jobs in the national economy that the claimant can perform. *Id.*; *Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir. 2012).

### III.    THE ALJ'S DECISION

Applying the five-step analysis, the ALJ here found that Plaintiff had not engaged in substantial gainful activity since she applied for SSI; that Plaintiff had the severe impairments of stage 3 chronic kidney disease, degenerative disc disease of the lumbar spine, scoliosis, degenerative joint disease, and obesity; and that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. (Tr. 12-13). The ALJ found that Plaintiff had the RFC to perform light work with certain limitations: she could never climb ladders, ropes, or scaffolds; she could occasionally climb ramps and stairs; she could frequently balance, stoop, kneel, crouch, and crawl; she could tolerate no more than occasional exposure to temperature extremes; and she must avoid hazards such as unprotected heights and dangerous machinery. (Tr. 12).

3

The ALJ found that Plaintiff had no past relevant work. (Tr. 19). Considering Plaintiff's age, education, work experience, and RFC, and in reliance on the testimony of a vocational expert, the ALJ found that Plaintiff was able to perform occupations that exist in significant numbers in the national economy, including cleaner (Dictionary of Occupational Titles (DOT) No. 323.687-014, 440,000 jobs in the national economy), hand packer (DOT No. 920.687-018, 317,000 jobs in the national economy), and production worker (DOT No. 222.687-014, 197,000 jobs in the national economy). (Tr. 20). Thus, the ALJ concluded that Plaintiff had not been disabled, as defined in the Act, since the date she filed her application for SSI. *Id.*

## IV.   STANDARD FOR JUDICIAL REVIEW

This Court must affirm the Commissioner's decision if it complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole. *See* 42 U.S.C. § 1383(c)(3); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Pate-Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir. 2009); *Estes v. Barnhart*, 275 F.3d 722, 724 (8th Cir. 2002). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Pate-Fires*, 564 F.3d at 942; *see also Biestek*, 587 U.S. at 103 ("Substantial evidence . . . means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" (quoting *Consolidated Edison*, 305 U.S. at 229)).

In determining whether substantial evidence supports the Commissioner's decision, the Court considers both evidence that supports that decision and evidence that detracts from that decision. *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir. 2012). But the Court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" *Id.* at 1064 (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir. 2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision." *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir. 2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005)).

4

## V.   DISCUSSION

Plaintiff challenges the ALJ's decision, arguing that the ALJ improperly discounted the medical opinion of her treating cardiologist, Dr. Paul Larsen, by not explaining how she considered Dr. Larsen's specialization in determining the weight to give his opinion. Doc. [6] at 5-6. Plaintiff also contends that substantial evidence did not support the ALJ's discounting of Dr. Larsen's opinion that she requires an assistive device for walking. *Id.* at 6-7. Defendant argues that the ALJ properly evaluated Dr. Larsen's opinion and provided adequate reasons for assigning minimal weight to his opinion. Doc. [7] at 3-11.

As described above, this Court's role is to determine whether the ALJ's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 1383(c)(3); *Richardson*, 402 U.S. at 401; *Pate-Fire*, 564 F.3d at 942; *Estes*, 275 F.3d at 724. As long as there is substantial evidence in the record that supports the decision, this Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).

"Generally, [a] treating physician's opinion is due controlling weight if that opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record." *Wildman v. Astrue*, 596 F.3d 959, 964 (8th Cir. 2010) (alteration in original) (quoting *Brown v. Barnhart*, 390 F.3d 535, 540 (8th Cir. 2004)). "However, '[a]n ALJ may discount or even disregard the opinion of a treating physician where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions.'" *Id.* (alteration in original) (quoting *Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005)).

The Court has reviewed the entire transcript and the parties' briefs. Based on a careful review of the record, and for the reasons stated in the ALJ's opinion and in the Government's brief, the Court finds that the record as a whole contains substantial evidence to support the ALJ's decision. *See Sledge v. Astrue*, 364 F. App'x 307 (8th Cir. 2010) (district court summarily affirmed the ALJ). First, the ALJ did not err in affording Dr. Larsen's opinion minimal weight because his medical source statement (MSS) contained little in the way of explanation and pointed to no objective testing or reasoning in support of his opinion that Plaintiff should use an

5

assistive device for walking.  *See Reed v. Barnharti*, 399 F.3d 917, 921 (8th Cir. 2005) ("We have upheld an ALJ's decision to discount a treating physician's MSS where the limitations listed on the form 'stand alone,' and were 'never mentioned in [the physician's] numerous records or treatment' nor supported by 'any objective testing or reasoning.'" (alterations in original) (quoting *Hogan v. Apfel*, 239 F.3d 958, 961 (8th Cir. 2001))); *Thomas v. Berryhill*, 881 F.3d 672, 675 (8th Cir. 2018) (explaining that a treating physician's opinion that consists of "conclusory statements—checked boxes, circled answer, and brief fill-in-the-blank responses" and "cite[s] no medical evidence and provide[s] little to no elaboration" can be rejected on that basis alone)).  Second, in assigning Dr. Larsen's opinion minimal weight, the ALJ properly considered that there was no record evidence that Plaintiff's walker was prescribed by a physician, *see* SSR 96-9p, 1996 WL 374185, at *7 ("To find that a hand-held assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed. . . ."); *Toland v. Colvin*, 761 F.3d 931, 936 (8th Cir. 2014) (noting a distinction between the use of a "medically required hand-held assistive device" and the use of a cane that "was not prescribed by any physician"), and that there was no convincing record evidence that Plaintiff required an assistive device after two isolated falls that took place prior to the alleged onset date, *see* 20 C.F.R. § 416.927(c)(4) ("Generally, the more consistent a medical opinion is with the record as a whole, the more weight we will give to that medical opinion."); *Julin v. Colvin*, 826 F.3d 1082, 1088 (8th Cir. 2016) ("Opinions of treating physicians . . . may be given limited weight if they are conclusory or inconsistent with the record." (citing *Papesh v. Colvin*, 786 F.3d 1126, 1132 (8th Cir. 2015))).

The Court acknowledges that the record contains conflicting evidence, and that the ALJ could have reached a different conclusion.  But this Court's task is not to reweigh the evidence presented to the ALJ.  The ALJ's weighing of the evidence here fell within the available "zone of choice," and the Court cannot disturb that decision merely because it might have reached a different conclusion.  *See Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

**VI.   CONCLUSION**

Having reviewed the entire record, the Court finds that the ALJ made a proper RFC determination based on a fully and fairly developed record, and that the ALJ's decision is supported by substantial evidence.

Accordingly,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the decision of the Commissioner of Social Security is **AFFIRMED**.

Dated this 30th day of June, 2025.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE